**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN P. MAHON,** | ) | **Case Nos.  1:07-cv-3389** |
| | ) | **1:02-cr-500-DAP-1** |
| **Petitioner,** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF** |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Respondent.** | ) | |

Before the Court is the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person In Federal Custody (the "Petition") filed by Petitioner John P. Mahon on October 31, 2007.  **(Case No. 1:07cv3389, ECF No. 1; Case No. 1:02cr500, ECF No. 56.)**[1]  Mahon seeks to collaterally attack his conviction and sentence on the basis of ineffective assistance of counsel.

Under 28 U.S.C. § 2255, a district court may grant relief to a prisoner in custody under a sentence imposed by a federal district court "upon the ground that the sentence was

---

[1]Mahon's Motion was originally docketed as a new civil case (Case No. 1:07cv3389), on which docket it appears as ECF No. 1.  The Motion was also docketed as the latest docket entry for Mahon's criminal case (Case No. 1:02cr500), on which docket it appears as ECF No. 56.  All subsequent references to the ECF system refer to the docket for criminal case 1:02cv500.

imposed in violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law, or is otherwise subject to collateral attack, . . ." *Id.*  To prevail on a § 2255

claim, the petitioner must show a fundamental defect in his conviction and /or sentencing

"'which necessarily results in a complete miscarriage of justice or an egregious error violative of

due process.'"  *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v.*

*United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to

whom it is assigned to promptly make a preliminary examination of the petition, records, and

transcripts relating to the judgment under attack.

> If it plainly appears from the face of the motion and any annexed
> exhibits and the prior proceedings in the case that the movant is
> not entitled to relief in the district court, the judge shall make an
> order for its summary dismissal and cause the movant to be
> notified.  Otherwise, the judge shall order the United States
> Attorney to file an answer or other pleading within the period of
> time fixed by the court or to take such other action as the judge
> deems appropriate.

*Id.*  Having reviewed the file of the underlying case, as well as the direct appeal opinion and

Mahon's § 2255 Motion and accompanying exhibits, the Court finds that Mahon's arguments are

without merit.  Since it plainly appears from the Motion and the prior proceedings in this case

that Mahon is not entitled to relief under 28 U.S.C. § 2255, the Motion is summarily dismissed,

under Rule 4(b), for the following reasons..

# I.  BACKGROUND

### A.  The Underlying Conviction and Sentence

This case, which tragically demonstrates the inherent problems with statutorily mandated minimum sentences, is once again before this Court.  To summarize the case's procedural posture:[2]  Mahon previously pleaded guilty before the Court to two counts, one for possessing a firearm in violation of 18 U.S.C. § 922(g)(1), and the other for making false statements in the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6).  In advance of sentencing, the government gave notice that it intended to seek sentence enhancements based on four prior state convictions in Cuyahoga County Common Pleas Court: (1) possession of criminal tools, entered on March 7, 1983 in Case No. CR169230; (2) attempted burglary, entered on March 7, 1983 in Case No. CR173490; (3) breaking and entering, entered on September 20, 1983 in Case No. CR182462; and (4) breaking and entering, entered on June 18, 1985 in Case No. CR196201.  (See ECF No. 35-3, Def's Supp. Sent. Mem., Ex. A, Government's Notice of Intent to Seek Enhanced Sentence Under 18 U.S.C. § 924(e).)

In two briefs, Mahon's Federal Public Defender argued that the breaking and entering convictions were not "violent" offenses for purposes of the federal Sentencing Guidelines (the "Guidelines") and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  (See ECF Nos. 32, 35.)  At sentencing, the Court found that the two breaking and

---

[2]See *United States v. Mahon*, 444 F.3d 530 (6th Cir. 2006) for a more detailed explanation of the case's background.

entering convictions were "generic" burglaries under *Taylor v. United States*, 495 U.S. 575, 598 (1990), and therefore they constituted violent felonies for ACCA purposes.[3]  Mahon's counsel, as she had done in her briefs, objected to the Court's findings at the sentencing hearing, as to the breaking and entering convictions constituting "violent" offenses.

The Court similarly found that Mahon's convictions for possession of criminal tools and for attempted burglary were convictions for "violent" felonies under the ACCA. Mahon's counsel, however, did not object to the Court's findings for these two convictions. Indeed, the Sixth Circuit subsequently described the matter by explaining that Mahon "conceded that his convictions for attempted burglary and the possession of criminal tools was properly categorized as 'violent' under the ACCA."  *United States v. Mahon*, 444 F.3d 530, 532 (6th Cir. 2006).

Noting the four predicate violent felony convictions, the Court accordingly sentenced Mahon to 210 months in prison pursuant to the then-mandatory federal Guidelines. The Court also imposed an alternative sentence of 180 months – the enhanced mandatory minimum sentence under the ACCA – in the event the Guidelines were later determined to be unconstitutional.

On direct appeal, Mahon was represented by the same counsel.  Counsel again argued that the two breaking and entering convictions were improperly considered "violent" offenses under *Taylor*, and thus Mahon, with only two prior violent felony convictions, was not subject to the enhancement provisions.  The Sixth Circuit affirmed this Court's findings that the

---

[3]As explained below, the Sixth Circuit vacated the Court's Guidelines-based sentence on appeal. Discussion in the instant Opinion therefore focuses on the prior convictions as they relate to the ACCA.

-4-

two breaking and entering convictions were correctly considered "generic" burglaries.

Accordingly, both breaking and entering convictions constituted convictions for violent felonies

under the ACCA, and Mahon had four violent felony convictions, one more than the three

convictions necessary to trigger the ACCA's enhanced mandatory minimum sentence.[4]

## B.  The Instant § 2255 Motion

Now, Mahon returns to the Court with his § 2255 Motion, alleging ineffective

assistance of counsel.  According to Mahon's first (and only) ground:

> Counsel failed to challenge use of prior conviction for "Possession of Criminal
> Tool, [sic]" i.e., "Sawed-Off Shotgun," now found by the Sixth Circuit Appeals
> Court to in fact not constitute a "Crime of Violence" for "ACCA."

(ECF No. 56, Motion at 5.)  In a supporting Memorandum of Law attached to his Motion (the

"Memorandum"), Mahon contends that his attorney refused to argue that his conviction for

possession of criminal tools was not a "violent" offense for ACCA enhancement purposes.  (ECF

No. 56-2, Def's Mem. at 7.)  Mahon argues that his counsel "in fact conceded against the client's

wishes, resulting in the district court as well as the Sixth Circuit Appeals Court being under the

mistaken belief that MAHON was in agreement to the shotgun conviction being a 'qualifying'

conviction."  (*Id.*)

Attached to Mahon's Memorandum as an exhibit are letters of correspondence

between Mahon and his attorney.  The letters clearly support Mahon's contention that his

---

[4]The Sixth Circuit remanded the case for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) (holding that the federal sentencing Guidelines were merely advisory rather than mandatory) and the Sixth Circuit's opinion in *United States v. Oliver*, 397 F.3d 369, 381 n.3 (6th Cir. 2005) (holding that a case must be remanded to the district court for resentencing where the district court considered the Guidelines mandatory).

On remand, the Court imposed its previously-determined 180-month mandatory minimum sentence. (ECF No. 55.)

attorney refused to argue against the criminal tools conviction as an ACCA predicate offense, despite Mahon's instructions.  (See, e.g., ECF No.56-3, Def's Mem. Ex. A, Letter dated April 12, 2005 from counsel to Mahon ("While I know you wanted to argue that your criminal tools/possession case was not an ACCA qualifying prior, sawed-off shotgun possession is specifically referenced in the ACCA statute as a qualifying prior conviction for the enhanced sentence and mandatory minimum.").)  Mahon asks the Court to vacate his conviction and to "remand" his case for re-sentencing with a new pre-sentence report, so that he can challenge his prior state court convictions.  (ECF No. 56-2, Def's Mem. at 15.)

## II.  LAW AND ANALYSIS

To establish ineffective assistance of counsel, the petitioner (in a § 2254 petition) or movant (in a § 2255 motion) must show both prongs of the familiar *Strickland* two-prong test: (1) that defense counsel's performance was constitutionally deficient; and (2) that the deficient performance prejudiced the defense sufficiently to undermine the reliability of the proceeding. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ramonez v. Berghuis*, 490 F.3d 482, 486 (6th Cir. 2007).

While both prongs of this test must be met for the petitioner or movant to prevail, the Court is not necessarily required to conduct an analysis under both; the Court need not address the question of competence in prong (1) if it is easier to dispose of the claim due to the lack of prejudice in prong (2).  *Poindexter v. Mitchell*, 454 F.3d 564, 572 (6th Cir. 2006) (*citing Strickland*, 466 U.S. at 697 (instructing that "[i]f it is easier to dispose of an ineffectiveness

claim on the ground of lack of sufficient prejudice, . . . that course should be followed."); *Baze v. Parker*, 371 F.3d 310, 321 (6th Cir. 2004), cert. denied, 544 U.S. 931, 125 S. Ct. 1670 (2005) (same)).  The Court finds that *Strickland* prong (2) is dispositive here.

### A.  The Possession of Criminal Tools Conviction

As the Court reads Mahon's argument, he contends that his attorney's decision constitutes constitutionally ineffective assistance for two reasons.  First, the state conviction in question was for possession of criminal tools, not for possession of a sawed-off shotgun.  While the "criminal tool" at issue was a sawed-off shotgun, that fact was not to be considered under the "categorical approach" used in the Sixth Circuit.  Thus, the argument goes, the only question should have been whether "possession of criminal tools" is considered an offense of violence under Ohio law.  Mahon contends that is not the case, and that his attorney failed to make that argument.

Second, the Sixth Circuit recently held, on a question of first impression in the circuit, that mere possession of a sawed-off shotgun does not qualify as a predicate "violent felony" for purposes of a sentencing enhancement under the ACCA.  *See United States v. Amos*, No. 06-5032, --- F.3d ---, 2007 U.S. App. LEXIS 18833 (6th Cir. Aug. 9, 2007).  Therefore, the argument goes, Mahon's conviction involving a sawed-off shotgun is not properly considered for ACCA enhancement purposes, regardless of whether the conviction is considered as one for possession of criminal tools or for possessing a sawed-off shotgun.  Consequently, Mahon argues, his sentence was inappropriately enhanced based on the conviction involving the sawed-off shotgun, and his attorney's failure to object thereto constituted ineffective assistance of counsel.

-7-

While Mahon's argument might, at first glance, have some merit (especially in light of *Amos*), he cannot prevail on his § 2255 Motion. The ACCA imposes the mandatory minimum 15-year sentence on any convicted felon found guilty of possessing a firearm in violation of 18 U.S.C. § 922(g)(1) who also has <u>three</u> previous convictions for "a violent felony or a serious drug offense." 18 U.S.C. § 924(e)(1). Here, even if the Court assumes that counsel was deficient for failing to argue as Mahon urged (and therefore assumes that effective assistance would have resulted in the Court disregarding the conviction involving the sawed-off shotgun), three violent felony convictions remain; the two breaking and entering convictions, as affirmed on appeal by the Sixth Circuit, and the attempted burglary conviction.[5] Thus saddled with three predicate convictions, Mahon still is and would have been subject to the ACCA's sentence enhancement. Consequently, he cannot demonstrate the prejudice necessary to prevail under *Strickland*'s second prong.

**B. The Attempted Burglary Conviction**

Mahon's instant Motion might also be read to argue that his counsel was ineffective for failing to argue against considering his attempted burglary conviction for ACCA purposes. This argument also fails.

First, the essential arguments presented in Mahon's Memorandum – highlighted by the contents of the attached letters – clearly focus on the conviction related to the sawed-off shotgun. The attempted burglary conviction is only referenced in passing. (See ECF No. 56-2, Def's Mem. at 8 ("[T]he petitioner adamantly instructed his appointed counsel to argue against

---

[5]Moreover, there would still be a threshold question of whether *Amos* applies retroactively to cases on collateral review. *See, e.g., Teague v. Lane*, 489 U.S. 288, 305-10 (1989); *Davis v. United States*, 417 U.S. 333, 346-47 (1976) (asking whether the defendant is being punished for an act which the law no longer considers criminal). The Court need not and does not reach this question.

the use of these prior convictions for the purpose of ACCA.") (emphasis on the plural added).)

The balance of Mahon's Memorandum focuses on the criminal tools possession conviction.

Second, and perhaps even more critical, the Sixth Circuit has determined that "attempted burglary" inherently involves potential risk of physical injury to another, and is, therefore, a crime of violence for purposes of the ACCA under the statute's "residual" or "otherwise" clause, 18 U.S.C. § 924(e)(2)(B)(ii).[6] *See United States v. Lane*, 909 F.2d 895, 902-903 (6th Cir. 1990).  The Sixth Circuit's holding was reinforced by the recent Supreme Court decision in *James v. United States*, 127 S. Ct. 1586, 1595 (2007) (holding that attempted burglary, as defined under Florida law and narrowed by the Florida Supreme Court to require an overt act directed toward the entry of a structure, constituted a violent felony under the ACCA's "otherwise" clause).  Accordingly, even assuming that Mahon's attorney had argued that the attempted burglary conviction was not a "violent" offense under the ACCA, that argument would have been rejected as contrary to controlling case law.  Mahon, therefore, cannot demonstrate prejudice, subject as he was to sentence enhancement based on the convictions for breaking and entering and for attempted burglary.

---

[6] 18 U.S.C. § 924(e)(2)(B) defines a "violent felony" in pertinent part as a crime that is "burglary, arson, or extortion, involves the use of explosives, or <u>otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added).  The emphasized portion is known as the "residual" clause or the "otherwise" clause.

-9-

### III.  CONCLUSION

Because Mahon cannot demonstrate prejudice from his attorney's alleged ineffective representation, his § 2255 Motion **(Case No. 1:07cv3389, ECF No. 1; Case No. 1:02cr500, ECF No. 56)** must be, and is, **DENIED**.

**IT IS SO ORDERED.**


_/s/Dan Aaron Polster_    _November 6, 2007_
**Dan Aaron Polster**
**United States District Judge**

-10-